**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NETHIE NARA ASPELLY, a.k.a. Magda Arlande Raphael,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 09-70503<br><br>Agency No. A098-805-840<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2013[**]

Before:    GOODWIN, WALLACE, and GRABER, Circuit Judges.

Nethie Nara Aspelly, a native and citizen of Haiti, petitions pro se for review

of the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on significant inconsistencies in Aspelly's testimony regarding the incident that led her to leave Port-au-Prince and whether anything happened to her after she moved to Cap-Haitien. *See id*. at 1045-48 (adverse credibility determination was reasonable under the REAL ID Act's "totality of the circumstances" standard). The agency reasonably rejected Aspelly's explanations for the inconsistencies. *See Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007). In the absence of credible testimony, Aspelly's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the agency's finding that even if Aspelly is a member of the student group Association National Lycee, the country conditions evidence does not show it is more likely than not she would be tortured if returned to Haiti. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008). Thus, her CAT claim also fails.

**PETITION FOR REVIEW DENIED.**

09-70503